UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

UNITED STATES OF AMERICA,

                                   Plaintiff,

                                                                                <u>DECISION AND ORDER</u>

                                                                                10-CR-6116L

                v.

WARREN LOVE,

                                   Defendant.
_____

       This Court referred all pretrial matters and motions in this criminal case to United States Magistrate Judge Marian W. Payson pursuant to 28 U.S.C. § 636(b). Defendant filed several motions, including motions to dismiss several counts of the indictment, motions to suppress evidence obtained pursuant to the search warrant and a motion to compel disclosure of the grand jury minutes. The Court conducted a suppression hearing concerning the motion to suppress.

       The Magistrate Judge issued a lengthy and thorough 18-page Report and Recommendation/Decision and Order (Dkt. #97). The Magistrate Judge denied the motion for disclosure of the grand jury minutes and recommended that this Court deny the defendant's motions to dismiss the indictment on the grounds either of multiplicity or duplicity; and further recommended that the Court deny the motion to suppress physical evidence seized pursuant to a search warrant of the premises at 399 Lake Avenue, Apartment D (the rear second floor apartment).

The defendant duly filed objections to the matters covered in Magistrate Judge Payson's Report and Recommendation concerning dismissal of counts of the indictment and the suppression of evidence.[1]

I have considered the Magistrate Judge's Report and Recommendation, the objections filed to it, and have reviewed the applicable law cited by both sides. I find no basis to alter, modify or reject the Magistrate Judge's Report and Recommendation and, therefore, deny defendant's motion to dismiss counts of the indictment and deny the motion to suppress evidence.

Dealing first with the motion to suppress evidence, I find that the application for the search warrant authorizing the search of the second floor apartment at 399 Lake Avenue, Rochester, New York established probable cause for such a search. The Magistrate Judge carefully considered the facts, the items contained in the affidavit, the controlling law and concluded, as I do, that there was adequate probable cause to believe there would be evidence of criminal activity in the targeted apartment. I also find, as did the Magistrate Judge, that the officers executing the warrant relied in good faith on the warrant that they had obtained and, therefore, suppression is not warranted under principles established in *United States v. Leon,* 468 U.S. 897 (1984).

I also agree with the Magistrate Judge that the indictment should not be dismissed. The facts established that there are two apartments at 399 Lake Avenue, Rochester, New York. There are separate charges relating to each apartment. The Magistrate Judge found that there were two separate premises, the upstairs and the downstairs apartment, and, therefore, there could be proper prosecutions under 21 U.S.C. § 856, maintaining a premises for drug trafficking activity. Defendant contended that these two apartments should really be considered one premises and, therefore, only a single Section 856 charge is warranted. Defendant contends, therefore, that there could not be multiple prosecutions under 18 U.S.C. § 924(c) since multiple firearms in a single premises would not support multiple firearms prosecutions.

---

[1] Defendant does not challenge the Magistrate Judge's decision denying the request for disclosure of the grand jury minutes.

I agree with Magistrate Judge Payson that two separate Section 856 prosecutions are warranted based on the nature of the premises and under all the facts and circumstances of this case. These were two separate apartments. The fact that they were in the same apartment building is not controlling. Proximity of the separate apartments does not transform the two into one. Magistrate Judge Payson recommended denying the motions to dismiss and determined that the multiple premises would support multiple firearms prosecutions.

I do understand that the consequences at sentencing are dire for the defendant should he be convicted of two separate Section 924(c) prosecutions since such would require an aggregate 30-year sentence consecutive to any sentence on any other charge. Nevertheless, I believe the facts relating to these two separate apartments and the relevant legal authority cited by the Magistrate Judge support the view that there were two separate premises and firearms found in each could support a separate Section 924(c) prosecution.

## CONCLUSION

I affirm the Decision and Order of United States Magistrate Judge Marian W. Payson (Dkt. #97) denying defendant's request for disclosure of grand jury minutes.

I accept and adopt the Magistrate Judge's Report and Recommendation (Dkt. #97) in all respects. Therefore, I deny defendant's motion to dismiss counts of the indictment as either multiplicitous or duplicitous, and I also deny defendant's motion to suppress evidence seized pursuant to execution of a search warrant.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
July 20, 2012.